**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| Lochner Technologies, LLC, | Civil Action No. 2:11-cv-395 |
| **Plaintiff,** | **JURY TRIAL DEMANDED** |
| v. | |
| Apple Inc.; | |
| Cisco Systems, Inc.; | |
| Research in Motion Corporation; | |
| Acer America Corporation; | |
| Samsung Electrionics America, Inc.; | |
| Motorola Mobility, Inc.; | |
| HTC America, Inc.; | |
| LG Electronics U.S.A., Inc.; | |
| Google Inc.; | |
| Nokia Inc.; | |
| Sony Ericsson Mobile Communications (USA) Inc.; | |
| Vizio, Inc.; | |
| Panasonic Corporation of North America; | |
| Sony Electronics Inc.; | |
| Roku, Inc.; | |
| NEC Corporation of America; | |
| ASUS Computer International; | |
| Toshiba America, Inc.; | |
| Casio America, Inc.; | |
| ViewSonic Corporation; | |
| Unisys Corporation; and | |
| Amazon.com, Inc., | |
| **Defendants.** | |

## COMPLAINT

Plaintiff Lochner Technologies, LLC ("Lochner") makes the following allegations:

## PARTIES

1.      Lochner is a California limited liability company with its principal place of business at 719 West Front Street, Suite 173, Tyler, Texas 75702.

2.      Defendant Apple Inc. ("Apple") is a California corporation with a principal place of business at 1 Infinite Loop, Cupertino, California 95014.

3.      Defendant Cisco Systems, Inc. ("Cisco") is a California corporation with a principal place of business at 170 West Tasman Drive, San Jose, California 95134.

4.      Defendant Research in Motion Corporation ("RIM") is a Delaware corporation with a principal place of business at 122 West John Carpenter Parkway, Suite 430, Irving, Texas 75039.

5.      Defendant Acer America Corporation ("Acer") is a California corporation with a principal place of business at 333 West San Carlos Street, Suite 1500, San Jose, California 95110.

6.      Defendant Samsung Electronics America, Inc. ("Samsung") is a New York corporation with a principal place of business at 85 Challenger Road, Ridgefield Park, New Jersey 07660.

7.      Motorola Mobility, Inc. ("Motorola") is a Delaware corporation with a principal place of business at 600 North U.S. Highway 45, Libertyville, Illinois 60048.

8.      Defendant HTC America, Inc. ("HTC") is a Washington corporation with a principal place of business at 13920 SE Eastgate Way, Suite 400 Bellevue, Washington 98005.

9.      Defendant LG Electronics U.S.A., Inc. ("LG") is a Delaware corporation with a principal place of business at 1000 Sylvan Avenue, Englewood Cliffs, New Jersey 07632.

10.     Defendant Google Inc. ("Google") is a Delaware corporation with a principal place of business at 1600 Amphitheatre Parkway, Mountain View, California 94043.

11.     Defendant Nokia Inc. ("Nokia") is a Delaware corporation with a principal place of business at 102 Corporate Park Drive, White Plains, New York 10604.

12.     Defendant Sony Ericsson Mobile Communications (USA) Inc. ("Sony Ericsson") is a Delaware corporation with a principal place of business at 3333 Piedmont Road, Suite 600, Atlanta, Georgia 30305.

13.     Defendant Vizio, Inc. ("Vizio") is a Delaware corporation with a principal place of business at 39 Tesla, Irvine, California 92618.

14.     Defendant Panasonic Corporation of North America ("Panasonic") is a Delaware corporation with a principal place of business at 1 Panasonic Way, Secaucus, New Jersey 07094.

15.     Defendant Sony Electronics Inc. ("Sony Electronics") is a Delaware corporation with a principal place of business at 16530 Via Esprillo, San Diego, California 92127.

16.     Defendant Roku, Inc. ("Roku") is a Delaware corporation with a principal place of business at 12980 Saratoga Avenue, Suite D, Saratoga, California 95070.

17.     Defendant NEC Corporation of America ("NEC") is a Nevada corporation with a principal place of business at 6535 North State Highway 161, Irving, Texas 75039.

18.     Defendant ASUS Computer International ("Asus") is a California corporation with a principal place of business at 800 Corporate Way, Fremont, California 94539.

19.     Defendant Toshiba America, Inc. ("Toshiba") is a Delaware corporation with a principal place of business at 1251 Avenue of the Americas, New York, New York 10020.

20.     Defendant Casio America, Inc. ("Casio") is a New York corporation with a principal place of business at 570 Mount Pleasant Avenue, Dover, New Jersey 07801.

21.     Defendant ViewSonic Corporation ("ViewSonic") is a Delaware corporation with a principal place of business at 381 Brea Canyon Road, Walnut, California 91789.

22.     Defendant Unisys Corporation ("Unisys") is a Delaware corporation with a principal place of business at 801 Lakeview Drive, Suite 100, Blue Bell, Pennsylvania 19422.

23.     Defendant Amazon.com, Inc. ("Amazon") is a Delaware corporation with a principal place of business at 410 Terry Ave North, Seattle, Washington 98109.

## JURISDICTION AND VENUE

24.     This action arises under the patent laws of the United States, Title 35 of the United States Code.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

25.     Venue is proper in this district under 28 U.S.C. §§ 1391(c) and 1400(b).  On information and belief, each defendant has a regular and established place of business in this district, has transacted business in this district, and/or has committed, contributed to, and/or induced acts of patent infringement in this district.

26.     On information and belief, each defendant is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to its substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this Judicial District.

## COUNT I

## INFRINGEMENT OF U.S. PATENT NO. 7,035,598

27.     Lochner incorporates paragraphs 1-26 above as if fully repeated and restated herein.

28.     Lochner is the owner by assignment of United States Patent No. 7,035,598 (the "'598 patent") entitled "Modular Computer System."  The '598 patent issued on April 25, 2006 to inventors Scott Lochner and Meir Bartur.  A true and correct copy of the '598 patent is attached as Exhibit A.

29.     Apple has been and now is directly infringing the '598 patent in the State of Texas, in this judicial district, and elsewhere in the United States by making, using, selling, offering for sale, and/or importing products that infringe at least claims 1 and 12 of the '598 patent.  Such products include, without limitation, smartphones and tablet computers, such as the iPhone and iPad, respectively, that wirelessly play streaming video from servers, such as those servers associated with Apple's iTunes store.  Apple is thus liable for direct infringement of the '598 patent under 35 U.S.C. § 271.

30.     Apple has been and now is indirectly infringing by way of inducing infringement by others and/or contributing to the infringement by others of the '598 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, offering for sale, and/or selling, without license or authority, products for use in systems that fall within the scope of one or more claims of the '598 patent.  Such products include, without limitation, smartphones and tablet computers, such as iPhones and iPads, that wirelessly play streaming video from servers.  Such products are for use in systems that infringe at least claims 1 and 12, and likely other claims, of the '598 patent.  By making,

using, importing, offering for sale, and/or selling such products, Apple has injured Lochner and is thus liable to Lochner for infringement of the '598 patent under 35 U.S.C. § 271.  Those whom Apple induces to infringe and/or whose infringement to which Apple contributes are the end users of the above-referenced products.  Apple has had knowledge of the '598 patent at least as early as the filing of this complaint and is thus liable for infringement of one or more claims of the '598 patent by actively inducing infringement and/or is liable as a contributory infringer of one or more claims of the '598 patent under 35 U.S.C. § 271.

31.     Cisco has been and now is directly infringing the '598 patent in the State of Texas, in this judicial district, and elsewhere in the United States by making, using, selling, offering for sale, and/or importing products that infringe at least claims 1 and 12 of the '598 patent.  Such products include, without limitation, tablet computers, such as Cius, that wirelessly play streaming video from servers and that wirelessly display virtual desktops from servers, the latter including at least Cisco's Virtualization Infrastructure.  Cisco is thus liable for direct infringement of the '598 patent under 35 U.S.C. § 271.

32.     Cisco has been and now is indirectly infringing by way of inducing infringement by others and/or contributing to the infringement by others of the '598 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, offering for sale, and/or selling, without license or authority, products for use in systems that fall within the scope of one or more claims of the '598 patent.  Such products include, without limitation, tablet computers, such as Cius, that wirelessly play streaming video from servers.  Such products are for use in systems that infringe at least claims 1 and 12, and likely other claims, of the '598 patent.  By making, using, importing, offering for sale, and/or selling such products, Cisco has injured Lochner and is thus liable to Lochner for

infringement of the '598 patent under 35 U.S.C. § 271.  Those whom Cisco induces to infringe and/or whose infringement to which Cisco contributes are the end users of the above-referenced products.  Cisco has had knowledge of the '598 patent at least as early as the filing of this complaint and is thus liable for infringement of one or more claims of the '598 patent by actively inducing infringement and/or is liable as a contributory infringer of one or more claims of the '598 patent under 35 U.S.C. § 271.

33.     RIM has been and now is directly infringing the '598 patent in the State of Texas, in this judicial district, and elsewhere in the United States by making, using, selling, offering for sale, and/or importing products that infringe at least claims 1 and 12 of the '598 patent.  Such products include, without limitation, smartphones and tablet computers, such as PlayBooks that wirelessly play streaming video from BlackBerries and BlackBerries that wirelessly play streaming video from the BlackBerry music service ("BBM").  RIM is thus liable for direct infringement of the '598 patent under 35 U.S.C. § 271.

34.     RIM has been and now is indirectly infringing by way of inducing infringement by others and/or contributing to the infringement by others of the '598 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, offering for sale, and/or selling, without license or authority, products for use in systems that fall within the scope of one or more claims of the '598 patent.  Such products include, without limitation, smartphones and tablet computers, such as BlackBerries and PlayBooks, that wirelessly play streaming video from servers.  Such products are for use in systems that infringe at least claims 1 and 12, and likely other claims, of the '598 patent.  By making, using, importing, offering for sale, and/or selling such products, RIM has injured Lochner and is thus liable to Lochner for infringement of the '598 patent under 35 U.S.C. § 271.

Those whom RIM induces to infringe and/or whose infringement to which RIM contributes are the end users of the above-referenced products.  RIM has had knowledge of the '598 patent at least as early as the filing of this complaint and is thus liable for infringement of one or more claims of the '598 patent by actively inducing infringement and/or is liable as a contributory infringer of one or more claims of the '598 patent under 35 U.S.C. § 271.

35.     Acer has been and now is indirectly infringing by way of inducing infringement by others and/or contributing to the infringement by others of the '598 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, offering for sale, and/or selling, without license or authority, products for use in systems that fall within the scope of one or more claims of the '598 patent.  Such products include, without limitation, smartphones and tablet computers, such as Iconia Smart smartphones and Iconia tablets, that wirelessly play streaming video from servers.  Such products are for use in systems that infringe at least claims 1 and 12, and likely other claims, of the '598 patent.  By making, using, importing, offering for sale, and/or selling such products, Acer has injured Lochner and is thus liable to Lochner for infringement of the '598 patent under 35 U.S.C. § 271.  Those whom Acer induces to infringe and/or whose infringement to which Acer contributes are the end users of the above-referenced products.  Acer has had knowledge of the '598 patent at least as early as the filing of this complaint and is thus liable for infringement of one or more claims of the '598 patent by actively inducing infringement and/or is liable as a contributory infringer of one or more claims of the '598 patent under 35 U.S.C. § 271.

36.     Samsung has been and now is directly infringing the '598 patent in the State of Texas, in this judicial district, and elsewhere in the United States by making, using, selling, offering for sale, and/or importing products that infringe at least claims 1 and 12 of the '598

patent.  Such products include, without limitation, smartphones and tablet computers, such as the Galaxy and Galaxy S smartphones and Galaxy tablets, that wirelessly play streaming video from servers, such as those servers associated the Samsung Media Hub.  Samsung is thus liable for direct infringement of the '598 patent under 35 U.S.C. § 271.

37.     Samsung has been and now is indirectly infringing by way of inducing infringement by others and/or contributing to the infringement by others of the '598 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, offering for sale, and/or selling, without license or authority, products for use in systems that fall within the scope of one or more claims of the '598 patent. Such products include, without limitation, smartphones and tablet computers, such as Galaxy and Galaxy S smartphones and Galaxy tablets, that wirelessly play streaming video from servers. Such products are for use in systems that infringe at least claims 1 and 12, and likely other claims, of the '598 patent.  By making, using, importing, offering for sale, and/or selling such products, Samsung has injured Lochner and is thus liable to Lochner for infringement of the '598 patent under 35 U.S.C. § 271.  Those whom Samsung induces to infringe and/or whose infringement to which Samsung contributes are the end users of the above-referenced products. Samsung has had knowledge of the '598 patent at least as early as the filing of this complaint and is thus liable for infringement of one or more claims of the '598 patent by actively inducing infringement and/or is liable as a contributory infringer of one or more claims of the '598 patent under 35 U.S.C. § 271.

38.     Motorola has been and now is indirectly infringing by way of inducing infringement by others and/or contributing to the infringement by others of the '598 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other

things, making, using, importing, offering for sale, and/or selling, without license or authority,

products for use in systems that fall within the scope of one or more claims of the '598 patent.

Such products include, without limitation, smartphones and tablet computers, such as Droid

Bionic smartphones and Xoom tablets, that wirelessly play streaming video from servers.  Such

products are for use in systems that infringe at least claims 1 and 12, and likely other claims, of

the '598 patent.  By making, using, importing, offering for sale, and/or selling such products,

Motorola has injured Lochner and is thus liable to Lochner for infringement of the '598 patent

under 35 U.S.C. § 271.  Those whom Motorola induces to infringe and/or whose infringement to

which Motorola contributes are the end users of the above-referenced products.  Motorola has

had knowledge of the '598 patent at least as early as the filing of this complaint and is thus liable

for infringement of one or more claims of the '598 patent by actively inducing infringement

and/or is liable as a contributory infringer of one or more claims of the '598 patent under 35

U.S.C. § 271.

     39.    HTC has been and now is indirectly infringing by way of inducing infringement

by others and/or contributing to the infringement by others of the '598 patent in the State of

Texas, in this judicial district, and elsewhere in the United States, by, among other things,

making, using, importing, offering for sale, and/or selling, without license or authority, products

for use in systems that fall within the scope of one or more claims of the '598 patent.  Such

products include, without limitation, smartphones and tablet computers, such as WildFire S and

Flyer, respectively, that wirelessly play streaming video from servers.  Such products are for use

in systems that infringe at least claims 1 and 12, and likely other claims, of the '598 patent.  By

making, using, importing, offering for sale, and/or selling such products, HTC has injured

Lochner and is thus liable to Lochner for infringement of the '598 patent under 35 U.S.C. § 271.

Those whom HTC induces to infringe and/or whose infringement to which HTC contributes are the end users of the above-referenced products.  HTC has had knowledge of the '598 patent at least as early as the filing of this complaint and is thus liable for infringement of one or more claims of the '598 patent by actively inducing infringement and/or is liable as a contributory infringer of one or more claims of the '598 patent under 35 U.S.C. § 271.

40.     LG has been and now is indirectly infringing by way of inducing infringement by others and/or contributing to the infringement by others of the '598 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, offering for sale, and/or selling, without license or authority, products for use in systems that fall within the scope of one or more claims of the '598 patent.  Such products include, without limitation, smartphones and tablet computers, such as Revolution smartphones, Optimus Pad tablets and T-Mobile G-Slate tablets, that wirelessly play streaming video from servers.  Such products are for use in systems that infringe at least claims 1 and 12, and likely other claims, of the '598 patent.  By making, using, importing, offering for sale, and/or selling such products, LG has injured Lochner and is thus liable to Lochner for infringement of the '598 patent under 35 U.S.C. § 271.  Those whom LG induces to infringe and/or whose infringement to which LG contributes are the end users of the above-referenced products.  LG has had knowledge of the '598 patent at least as early as the filing of this complaint and is thus liable for infringement of one or more claims of the '598 patent by actively inducing infringement and/or is liable as a contributory infringer of one or more claims of the '598 patent under 35 U.S.C. § 271.

41.     Google has been and now is directly infringing the '598 patent in the State of Texas, in this judicial district, and elsewhere in the United States by making, using, selling,

offering for sale, and/or importing products that infringe at least claims 1 and 12 of the '598 patent.  Such products include, without limitation, smartphones, such as Nexus One and Nexus S, that wirelessly play streaming video from servers, such as those servers associated with Google's YouTube website.  Google is thus liable for direct infringement of the '598 patent under 35 U.S.C. § 271.

42.     Google has been and now is indirectly infringing by way of inducing infringement by others and/or contributing to the infringement by others of the '598 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, offering for sale, and/or selling, without license or authority, products for use in systems that fall within the scope of one or more claims of the '598 patent.  Such products include, without limitation, smartphones, such as Nexus One and Nexus S, that wirelessly play streaming video from servers.  Such products are for use in systems that infringe at least claims 1 and 12, and likely other claims, of the '598 patent.  By making, using, importing, offering for sale, and/or selling such products, Google has injured Lochner and is thus liable to Lochner for infringement of the '598 patent under 35 U.S.C. § 271.  Those whom Google induces to infringe and/or whose infringement to which Google contributes are the end users of the above-referenced products.  Google has had knowledge of the '598 patent at least as early as the filing of this complaint and is thus liable for infringement of one or more claims of the '598 patent by actively inducing infringement and/or is liable as a contributory infringer of one or more claims of the '598 patent under 35 U.S.C. § 271.

43.     Nokia has been and now is indirectly infringing by way of inducing infringement by others and/or contributing to the infringement by others of the '598 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things,

making, using, importing, offering for sale, and/or selling, without license or authority, products for use in systems that fall within the scope of one or more claims of the '598 patent. Such products include, without limitation, smartphones, such as Nokia 701 and Nokia 600 smartphones, that wirelessly play streaming video from servers. Such products are for use in systems that infringe at least claims 1 and 12, and likely other claims, of the '598 patent. By making, using, importing, offering for sale, and/or selling such products, Nokia has injured Lochner and is thus liable to Lochner for infringement of the '598 patent under 35 U.S.C. § 271. Those whom Nokia induces to infringe and/or whose infringement to which Nokia contributes are the end users of the above-referenced products. Nokia has had knowledge of the '598 patent at least as early as the filing of this complaint and is thus liable for infringement of one or more claims of the '598 patent by actively inducing infringement and/or is liable as a contributory infringer of one or more claims of the '598 patent under 35 U.S.C. § 271.

44.     Sony Ericsson has been and now is indirectly infringing by way of inducing infringement by others and/or contributing to the infringement by others of the '598 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, offering for sale, and/or selling, without license or authority, products for use in systems that fall within the scope of one or more claims of the '598 patent. Such products include, without limitation, smartphones, such as Xperia, that wirelessly play streaming video from servers. Such products are for use in systems that infringe at least claims 1 and 12, and likely other claims, of the '598 patent. By making, using, importing, offering for sale, and/or selling such products, Sony Ericsson has injured Lochner and is thus liable to Lochner for infringement of the '598 patent under 35 U.S.C. § 271. Those whom Sony Ericsson induces to infringe and/or whose infringement to which Sony Ericsson contributes are the end

users of the above-referenced products.  Sony Ericsson has had knowledge of the '598 patent at least as early as the filing of this complaint and is thus liable for infringement of one or more claims of the '598 patent by actively inducing infringement and/or is liable as a contributory infringer of one or more claims of the '598 patent under 35 U.S.C. § 271.

45.     Vizio has been and now is indirectly infringing by way of inducing infringement by others and/or contributing to the infringement by others of the '598 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, offering for sale, and/or selling, without license or authority, products for use in systems that fall within the scope of one or more claims of the '598 patent.  Such products include, without limitation, tablet computers, such as Vizio Tablets, that wirelessly play streaming video from servers.  Such products are for use in systems that infringe at least claims 1 and 12, and likely other claims, of the '598 patent.  By making, using, importing, offering for sale, and/or selling such products, Vizio has injured Lochner and is thus liable to Lochner for infringement of the '598 patent under 35 U.S.C. § 271.  Those whom Vizio induces to infringe and/or whose infringement to which Vizio contributes are the end users of the above-referenced products.  Vizio has had knowledge of the '598 patent at least as early as the filing of this complaint and is thus liable for infringement of one or more claims of the '598 patent by actively inducing infringement and/or is liable as a contributory infringer of one or more claims of the '598 patent under 35 U.S.C. § 271.

46.     Panasonic has been and now is indirectly infringing by way of inducing infringement by others and/or contributing to the infringement by others of the '598 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, offering for sale, and/or selling, without license or authority,

14

products for use in systems that fall within the scope of one or more claims of the '598 patent. Such products include, without limitation, tablet computers, such as Toughbook tablets, that wirelessly play streaming video from servers. Such products are for use in systems that infringe at least claims 1 and 12, and likely other claims, of the '598 patent. By making, using, importing, offering for sale, and/or selling such products, Panasonic has injured Lochner and is thus liable to Lochner for infringement of the '598 patent under 35 U.S.C. § 271. Those whom Panasonic induces to infringe and/or whose infringement to which Panasonic contributes are the end users of the above-referenced products. Panasonic has had knowledge of the '598 patent at least as early as the filing of this complaint and is thus liable for infringement of one or more claims of the '598 patent by actively inducing infringement and/or is liable as a contributory infringer of one or more claims of the '598 patent under 35 U.S.C. § 271.

47.     Sony Electronics has been and now is directly infringing the '598 patent in the State of Texas, in this judicial district, and elsewhere in the United States by making, using, selling, offering for sale, and/or importing products that infringe at least claims 1 and 12 of the '598 patent. Such products include, without limitation, tablet computers, such as Tablet S and Tablet P, that wirelessly play streaming video from servers, such as those servers associated with Sony Electronics' Sony Entertainment Network (SEN). Sony Electronics is thus liable for direct infringement of the '598 patent under 35 U.S.C. § 271.

48.     Sony Electronics has been and now is indirectly infringing by way of inducing infringement by others and/or contributing to the infringement by others of the '598 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, offering for sale, and/or selling, without license or authority, products for use in systems that fall within the scope of one or more claims of the '598 patent.

Such products include, without limitation, tablet computers, such as Tablet S and Tablet P, that wirelessly play streaming video from servers.  Such products are for use in systems that infringe at least claims 1 and 12, and likely other claims, of the '598 patent.  By making, using, importing, offering for sale, and/or selling such products, Sony Electronics has injured Lochner and is thus liable to Lochner for infringement of the '598 patent under 35 U.S.C. § 271.  Those whom Sony Electronics induces to infringe and/or whose infringement to which Sony Electronics contributes are the end users of the above-referenced products.  Sony Electronics has had knowledge of the '598 patent at least as early as the filing of this complaint and is thus liable for infringement of one or more claims of the '598 patent by actively inducing infringement and/or is liable as a contributory infringer of one or more claims of the '598 patent under 35 U.S.C. § 271.

49.    Roku has been and now is indirectly infringing by way of inducing infringement by others and/or contributing to the infringement by others of the '598 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, offering for sale, and/or selling, without license or authority, products for use in systems that fall within the scope of one or more claims of the '598 patent.  Such products include, without limitation, streaming players, such as Roku 2s, that wirelessly play streaming video from servers.  Such products are for use in systems that infringe at least claims 1 and 12, and likely other claims, of the '598 patent.  By making, using, importing, offering for sale, and/or selling such products, Roku has injured Lochner and is thus liable to Lochner for infringement of the '598 patent under 35 U.S.C. § 271.  Those whom Roku induces to infringe and/or whose infringement to which Roku contributes are the end users of the above-referenced products.  Roku has had knowledge of the '598 patent at least as early as the filing of this

complaint and is thus liable for infringement of one or more claims of the '598 patent by actively inducing infringement and/or is liable as a contributory infringer of one or more claims of the '598 patent under 35 U.S.C. § 271.

50.     NEC has been and now is directly infringing the '598 patent in the State of Texas, in this judicial district, and elsewhere in the United States by making, using, selling, offering for sale, and/or importing products that infringe at least claims 1 and 12 of the '598 patent. Such products include, without limitation, wireless thin clients, such as US300c and US110c, and NEC blade servers for desktop virtualization. NEC is thus liable for direct infringement of the '598 patent under 35 U.S.C. § 271.

51.     NEC has been and now is indirectly infringing by way of inducing infringement by others and/or contributing to the infringement by others of the '598 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, offering for sale, and/or selling, without license or authority, products for use in systems that fall within the scope of one or more claims of the '598 patent. Such products include, without limitation, wireless thin clients, such as US300c and US110c, that are designed for use with servers for desktop virtualization. Such products are for use in systems that infringe at least claims 1 and 12, and likely other claims, of the '598 patent. By making, using, importing, offering for sale, and/or selling such products, NEC has injured Lochner and is thus liable to Lochner for infringement of the '598 patent under 35 U.S.C. § 271. Those whom NEC induces to infringe and/or whose infringement to which NEC contributes are the end users of the above-referenced products. NEC has had knowledge of the '598 patent at least as early as the filing of this complaint and is thus liable for infringement of one or more claims of the '598

patent by actively inducing infringement and/or is liable as a contributory infringer of one or more claims of the '598 patent under 35 U.S.C. § 271.

52.     Asus has been and now is indirectly infringing by way of inducing infringement by others and/or contributing to the infringement by others of the '598 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, offering for sale, and/or selling, without license or authority, products for use in systems that fall within the scope of one or more claims of the '598 patent.  Such products include, without limitation, tablet computers, such as Eee Slates, that wirelessly play streaming video from servers.  Such products are for use in systems that infringe at least claims 1 and 12, and likely other claims, of the '598 patent.  By making, using, importing, offering for sale, and/or selling such products, Asus has injured Lochner and is thus liable to Lochner for infringement of the '598 patent under 35 U.S.C. § 271.  Those whom Asus induces to infringe and/or whose infringement to which Asus contributes are the end users of the above-referenced products.  Asus has had knowledge of the '598 patent at least as early as the filing of this complaint and is thus liable for infringement of one or more claims of the '598 patent by actively inducing infringement and/or is liable as a contributory infringer of one or more claims of the '598 patent under 35 U.S.C. § 271.

53.     Toshiba has been and now is indirectly infringing by way of inducing infringement by others and/or contributing to the infringement by others of the '598 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, offering for sale, and/or selling, without license or authority, products for use in systems that fall within the scope of one or more claims of the '598 patent.  Such products include, without limitation, tablet computers, such as Thrives, that wirelessly play

streaming video from servers.  Such products are for use in systems that infringe at least claims 1 and 12, and likely other claims, of the '598 patent.  By making, using, importing, offering for sale, and/or selling such products, Toshiba has injured Lochner and is thus liable to Lochner for infringement of the '598 patent under 35 U.S.C. § 271.  Those whom Toshiba induces to infringe and/or whose infringement to which Toshiba contributes are the end users of the above-referenced products.  Toshiba has had knowledge of the '598 patent at least as early as the filing of this complaint and is thus liable for infringement of one or more claims of the '598 patent by actively inducing infringement and/or is liable as a contributory infringer of one or more claims of the '598 patent under 35 U.S.C. § 271.

54.    Casio has been and now is indirectly infringing by way of inducing infringement by others and/or contributing to the infringement by others of the '598 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, offering for sale, and/or selling, without license or authority, products for use in systems that fall within the scope of one or more claims of the '598 patent.  Such products include, without limitation, smartphones, such as G'zOne Commando, that wirelessly play streaming video from servers.  Such products are for use in systems that infringe at least claims 1 and 12, and likely other claims, of the '598 patent.  By making, using, importing, offering for sale, and/or selling such products, Casio has injured Lochner and is thus liable to Lochner for infringement of the '598 patent under 35 U.S.C. § 271.  Those whom Casio induces to infringe and/or whose infringement to which Casio contributes are the end users of the above-referenced products.  Casio has had knowledge of the '598 patent at least as early as the filing of this complaint and is thus liable for infringement of one or more claims of the '598 patent by

actively inducing infringement and/or is liable as a contributory infringer of one or more claims of the '598 patent under 35 U.S.C. § 271.

55.     ViewSonic has been and now is indirectly infringing by way of inducing infringement by others and/or contributing to the infringement by others of the '598 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, offering for sale, and/or selling, without license or authority, products for use in systems that fall within the scope of one or more claims of the '598 patent. Such products include, without limitation, tablet computers, such as ViewPads, gTablets and ViewBooks, that wirelessly play streaming video from servers.  Such products are for use in systems that infringe at least claims 1 and 12, and likely other claims, of the '598 patent.  By making, using, importing, offering for sale, and/or selling such products, ViewSonic has injured Lochner and is thus liable to Lochner for infringement of the '598 patent under 35 U.S.C. § 271. Those whom ViewSonic induces to infringe and/or whose infringement to which ViewSonic contributes are the end users of the above-referenced products.  ViewSonic has had knowledge of the '598 patent at least as early as the filing of this complaint and is thus liable for infringement of one or more claims of the '598 patent by actively inducing infringement and/or is liable as a contributory infringer of one or more claims of the '598 patent under 35 U.S.C. § 271.

56.     Unisys has been and now is indirectly infringing by way of inducing infringement by others and/or contributing to the infringement by others of the '598 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, offering for sale, and/or selling, without license or authority, products for use in systems that fall within the scope of one or more claims of the '598 patent.  Such

products include, without limitation, smartphones and tablet computers, such as Apple iPhones and iPads, that wirelessly play streaming video from servers.  Such products are for use in systems that infringe at least claims 1 and 12, and likely other claims, of the '598 patent.  By making, using, importing, offering for sale, and/or selling such products, Unisys has injured Lochner and is thus liable to Lochner for infringement of the '598 patent under 35 U.S.C. § 271.  Those whom Unisys induces to infringe and/or whose infringement to which Unisys contributes are the end users of the above-referenced products.  Unisys has had knowledge of the '598 patent at least as early as the filing of this complaint and is thus liable for infringement of one or more claims of the '598 patent by actively inducing infringement and/or is liable as a contributory infringer of one or more claims of the '598 patent under 35 U.S.C. § 271.

57.   Amazon has been and now is directly infringing the '598 patent in the State of Texas, in this judicial district, and elsewhere in the United States by making, using, selling, offering for sale, and/or importing products that infringe at least claims 1 and 12 of the '598 patent.  Such products include, without limitation, wireless thin clients and servers for desktop virtualization.  Amazon is thus liable for direct infringement of the '598 patent under 35 U.S.C. § 271.

58.   Amazon has been and now is indirectly infringing by way of inducing infringement by others and/or contributing to the infringement by others of the '598 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, offering for sale, and/or selling, without license or authority, products for use in systems that fall within the scope of one or more claims of the '598 patent.  Such products include, without limitation, wireless thin clients that are designed for use with servers for desktop virtualization.  Such products are for use in systems that infringe at least

claims 1 and 12, and likely other claims, of the '598 patent.  By making, using, importing, offering for sale, and/or selling such products, Amazon has injured Lochner and is thus liable to Lochner for infringement of the '598 patent under 35 U.S.C. § 271.  Those whom Amazon induces to infringe and/or whose infringement to which Amazon contributes are the end users of the above-referenced products.  Amazon has had knowledge of the '598 patent at least as early as the filing of this complaint and is thus liable for infringement of one or more claims of the '598 patent by actively inducing infringement and/or is liable as a contributory infringer of one or more claims of the '598 patent under 35 U.S.C. § 271.

59.     As a result of each defendant's infringement of the '598 patent, Lochner has suffered monetary damages to its goodwill, as well as lost profits, and the '598 patent has suffered monetary damages to its value, in an amount not yet determined, and will continue to suffer damages in the future unless each defendant's infringing activities are enjoined by this Court.

60.     Unless a permanent injunction is issued enjoining each defendant and its agents, servants, employees, attorneys, representatives, affiliates, and all others acting on its behalf from infringing the '598 patent, both Lochner and the '598 patent will be greatly and irreparably harmed.

## PRAYER FOR RELIEF

WHEREFORE, Lochner respectfully requests that this Court enter:

A.     A judgment in favor of Lochner that each defendant has infringed, directly and/or indirectly, by way of inducing and/or contributing to the infringement of the '598 patent, and that such infringement was willful;

B.      A permanent injunction enjoining each defendant and its officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in concert or privity with it from infringing, inducing the infringement of, or contributing to the infringement of the '598 patent;

C.      A judgment and order requiring each defendant to pay Lochner its damages, costs, expenses, and prejudgment and post-judgment interest for the defendant's infringement of the '598 patent as provided under 35 U.S.C. § 284;

D.      An award to Lochner for enhanced damages resulting from the knowing, deliberate, and willful nature of each defendant's prohibited conduct, with notice being made at least as early as the date of the filing of this Complaint, as provided under 35 U.S.C. § 284;

E.      A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to Lochner its reasonable attorneys' fees; and

F.      Any and all other relief to which Lochner may show itself to be entitled.

## DEMAND FOR JURY TRIAL

Lochner demands a trial by jury on all issues so triable.

Dated: September 8, 2011

Respectfully submitted,

/s/  *Bruce D. Kuyper*

Marc A. Fenster
California State Bar No. 181067
E-mail: mfenster@raklaw.com
Bruce D. Kuyper
California State Bar No. 144969
Email: bkuyper@raklaw.com
Adam Hoffman
California State Bar No. 218740
Email: ahoffman@raklaw.com
RUSS AUGUST & KABAT
12424 Wilshire Boulevard, 12th Floor
Los Angeles, California 90025
Telephone:  310-826-7474
Facsimile:  310-826-6991

Attorneys for Plaintiff,
Lochner Technologies, LLC